————o————

No. 6842.

## ROSA POBER v. PETER STERBCOW.

### Syllabus.

In a subsequent suit for damages against defendant, the judgment in a criminal proceeding, if admissible at all, is by no means conclusive of the fact that he did or did not commit the act for which he was criminally prosecuted and for which it is sought to hold him civilly liable.

164

Appeal from the Civil District Court, Parish of Orleans, No. 111,533, Division "E"; Honorable George H. Théard, Judge, Affirmed.

W. J. & H. W. Waguespack, for plaintiff and appellant.

P. L. Fourchy, for defendant and appellee.

Wm. H. Byrnes, Jr., attorney.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

This suit for damages for an assault and battery alleged to have been committed by defendant upon the person of plaintiff involves a question of fact to be determined from a hopelessly conflicting mass of testimony.

On the one part, plaintiff's witnesses unite in swearing that defendant set upon and attacked her and her mother brutally and without the least provocation as they were innocently walking past his place of business.

While on the part of defendant, his witnesses testify positively that defendant's wife, who was then in a delicate state, was peacefully rocking, with a child in her arms, upon the sidewalk in front of defendant's establishment, when plaintiff and her mother, wholly without cause or warning, joined in committing a dastardly and shocking assault upon her; that defendant, attracted from within the store by his wife's cries, rushed to her rescue and carried her to safety; and that plaintiff in dashing away at defendant's approach stumbled or tripped upon the car tracks and in falling sustained in that way alone and no other the injuries of which she complains.

Plaintiff's witnesses are herself, her mother and three children of the Itskovitch family, with whom she boarded. It is testified to and not denied by her on her behalf that

she had repeated subjected defendant and his family to public insult, ridicule and abuse and particularly that she had frequently threatened defendant's wife with physical injury. And it is likewise not denied that her other witnesses, the Itskovitch family, were extremely unfriendly, if not inimical, to defendant.

On the other hand, on behalf of defendant, there is in addition to the testimony of himself and his family, that of several apparently disinterested eye-witnesses of the occurrence, these witnesses and others, all neighbors of plaintiff as well as of defendant, testifying that the latter is a peaceable, law-abiding and hard-working man and that plaintiff constantly annoyed and ridiculed him and was "looking for trouble."

From a reading of the testimony and a consideration of the character of the witnesses we have not the least hesitancy or difficulty in concluding that defendant's version of the incident is manifestly the true one. And the sole doubt engendered in our minds arises from the fact that defendant, though pleading not guilty, was nevertheless, upon a charge of assault and battery preferred against him by plaintiff, convicted and fined in the Criminal Courts.

We seriously question whether or not the judgment of conviction was at all admissible in this proceeding as establishing or tending to establish the fact that defendant committed the act for which he was criminally prosecuted and for which it is now sought to hold him civilly liable. The criminal prosecution was a proceeding between defendant and the State—not plaintiff herein—and it would be manifestly unfair that defendant should be injuriously affected by an adverse verdict under circumstances wherein, if the verdict had been in his favor, he could not have availed of it to his benefit.

See *Steel v. Cazeaux*, 8 *Martin*, 318.

166

However that may be, the verdict in the criminal prosecution, if admissible, is at least in this proceeding by no means conclusive of the fact that he committed the alleged assault.

Bankston v. Folks, 38 Ann., 267.

And we consider that the evidence in this suit, fortified as it is by the judgment herein, adverse to plaintiff, of the trial Judge, whose oportunity to determine the fact involved was as favorable as that of the Criminal Courts and whose conclusions are consequently entitled to as much respect at our hands, more than offsets the effect of the proof of defendant's conviction at the suit of the State.

The judgment is accordingly affirmed.

Judgment affirmed.

Opinion and decree, January 22nd, 1917.